UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Algezloini Harris,** *et al.***,** | ) | **CASE NO. 1:19 CV 2056** |
| | ) | |
| **Plaintifff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **IMCMV Cleveland, LLC,** *et al.***,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

**INTRODUCTION**

This matter is before the Court upon Plaintiffs' Motion to Remand This Case to State Court (Doc. 30).  This is an employment discrimination suit. For the reasons that follow, the motion is GRANTED.

**FACTS**

Only those facts necessary for a resolution of the instant dispute are set forth herein.

Plaintiffs Algezloini Harris and Shawn Porach brought this lawsuit in state court against defendants, IMCMV Cleveland, LLC ("IMCMV"), Jimmy Buffet's Margaritaville, Matthew Jones, Erica Lewis, and two John Does defendants, alleging wrongdoing in connection with

1

plaintiffs' employment and subsequent discharge or constructive discharge. Plaintiffs were employed as restaurant workers.

Defendant removed this matter to federal court on the basis of diversity of citizenship. According to the notice of removal, plaintiff improperly attempted to serve individual defendants Jones and Lewis at the restaurant. At the time of the attempted service, neither employee worked there. Defendant further notes that at the time of removal, the address of the individual defendants was not known.

Subsequent to removal, plaintiff obtained service on defendant Jones at his residence in Ohio. Plaintiffs were unable to perfect service on defendant Lewis and the Court dismissed her from this lawsuit.

Plaintiffs move to remand this matter to state court on the grounds that since plaintiffs have now perfected service on Jones, complete diversity is lacking. In response, defendants argue that plaintiffs fraudulently joined Jones in order to destroy diversity. As such, the Court should disregard his citizenship in determining whether complete diversity is present.

**STANDARD OF REVIEW**

Under 28 U.S.C. § 1447(c), cases originally filed in a state court must be remanded if, at any time before trial, it appears that the federal district court to which they were removed lacks subject matter jurisdiction. *Coyne v. The American Tobacco Co.,* 183 F.3d 488, 493 (6th Cir. 1999)("[I]n a removed action, upon determination that a federal court lacks jurisdiction, remand to state court is mandatory."). Because the determination of federal jurisdiction in a diversity case is made as of the time of removal, *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451,453 (6th Cir. 1996), a court's ruling on a motion to remand will rest on whether the case was

properly removed to federal court in the first place.  *Rogers v. Wal-Mart Stores, Inc*., 230 F.3d 868, 871-72 (6th Cir. 2000) (citing *Ahearn*, 100 F.3d at 453).  The party seeking removal bears the burden of showing that proper subject matter jurisdiction exists.  *Id*.

## ANALYSIS

In order for this Court to have subject matter jurisdiction based on diversity, complete diversity must exist at the time of removal.  *Coyne*, 183 F.3d at 492 (6th Cir. 1999).  However, the "fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds." *Id*. at 493.  In order to establish fraudulent joinder, the "removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law."  *Id*.  Any doubt as to whether removal is proper must be resolved in favor of remand.  *Id*.

Defendants provide declarations from Hector M. Pereira and defendant Jones.  Pereira avers that he is the general counsel and director of employee and labor relations for defendant IMCMV.  According to Pereira, he made the decision to terminate Harris.   Pereira instructed Jones to send a "PAF" terminating Harris' employment to Brenda Galarza in Human Resources. Although Jones signed the document, it was merely a formality because Pereira had already decided to terminate Harris' employment.  According to Pereira, general managers at each location are not permitted to terminate employment.  Defendant also relies on Jones' declaration. He avers that he had no involvement in the decision to terminate Harris' employment.  Nor did anyone consult him in this regard.  Jones indicates that the "did not make any recommendations or even offer [an] opinion concerning that decision," nor did he provide any information to assist anyone in making the decision.

In response, plaintiff Harris provides her own declaration. Contrary to the declarations relied on by defendants, plaintiff indicates that she spoke with Pereira both in person and on the phone. On March 3, 2019, plaintiff texted Pereira and inquired as to the status of the investigation. Pereira did not respond and ultimately plaintiff called him. During that call, Pereira indicated that the investigation was over and that it was "up to Matt [Jones]." Pereira did not terminate plaintiff's employment during the phone call, even though the investigation was over. Instead, Pereira instructed plaintiff to contact Jones. She contacted Jones who informed her that "we decided to part ways with you, you're fired."

Upon review, the Court finds that remand is required. Although defendants provide two declarations indicating that Jones had no input regarding the termination decision, plaintiff's affidavit indicates otherwise. Plaintiff indicated that she phoned Pereira and inquired as to the status of the investigation. Pereira informed plaintiff that the investigation was complete. Yet, Pereira did not terminate plaintiff's employment. Instead, Pereira informed plaintiff that "it was up to" Jones and that she should contact Jones. While this statement is admittedly vague, the Court cannot say to a requisite degree of certainty that plaintiff will be unable to state a claim against Jones. Given that all doubt must be resolved in favor of remand, the Court finds that defendants have failed to establish that plaintiff fraudulently joined defendant Jones. Because complete diversity does not exist in this case, the Court lacks jurisdiction over this matter.

**CONCLUSION**

For the forgoing reasons, Plaintiffs' Motion to Remand This Case to State Court is GRANTED.

    IT IS SO ORDERED.

                                        /s/ Patricia A. Gaughan
                                       PATRICIA A. GAUGHAN
                                       United States District Judge
                                       Chief Judge

Dated: 5/18/20